**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EMMANUEL ANTIGUA REYNOSO, Petitioner** | : | **No. 3:26cv2810** |
| | : | **(Judge Munley)** |
| **v.** | : | |
| **CRAIG A. LOWE, Warden, Pike County Correctional Facility, Respondent** | : | |

## MEMORANDUM ORDER

Before the court is Enmanuel Antigua Reynoso's pro se petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] (Doc. 1). Petitioner is a citizen of the Dominican Republic and an immigration detainee in the custody of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") at the Pike County Correctional Facility. (Doc. 6 at ECF pp. 1–2). He has been detained since August 29, 2026. (Doc. 1 at ECF p. 2). Records indicate that the petitioner was taken into custody by the Nesquehoning Police Department after a traffic stop pursuant to the department's cooperation agreement with ICE. (Doc. 6-2 at ECF p. 3). Petitioner seeks release from

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Antigua Reynoso filed the instant petition while detained at Pike County Correctional Facility. (Doc. 1 at ECF p. 2). The court liberally construes the petition as asserting violations of the Immigration and Nationality Act and the Fifth Amendment. Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

detention. (Doc. 7 at 9–10). Alternatively, he requests an immediate individualized bond hearing requiring the government to establish by clear and convincing evidence that continued detention is necessary to prevent flight or danger to the community. Id. at 10.

There is no final order of removal in Antigua Reynoso's immigration proceedings.[2] The government takes the position that 8 U.S.C. § 1226(a) applies to petitioner's detention. (Doc. 6 at 4–5). Section 1226(a) "permits discretionary release on bond pending removal proceedings so long as the noncitizen is not a danger or flight risk." Buele Morocho v. Warden Phila. FDC, 189 F.4th 287, 292 (3d Cir. 2026) (citing 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(c)(8)). According to the government's exhibits, petitioner requested a custody redetermination hearing, i.e., a bond hearing. (Doc. 6-4). Consequently, the government asserts that this habeas petition should be denied to let the administrative process play out. (Doc. 6 at 7).

Because the relevant statute does not require administrative exhaustion, any requirement would be prudential in this case, i.e., judge-made and discretionary. United States v. Dohou, 948 F.3d 621, 628 (3d Cir. 2020).

[2] The court confirmed this information using the Executive Office for Immigration Review's case status website by inputting the petitioner's A-number and nationality. *Automated Case Information System*, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, https://acis.eoir.justice.gov/ (last visited October 20, 2026).

Prudential exhaustion requires the court "to balance the alien's interest in prompt access to the federal courts with the government's institutional interest in exhaustion." Id. (citing McCarthy v. Madigan, 503 U.S. 140, 144 (1992)). "But even when courts might otherwise require exhaustion, they may excuse it when, for instance, 'waiver, estoppel, tolling or futility' applies." Id. (quoting Wilson v. MVM, Inc., 475 F.3d 166, 174 (3d Cir. 2007)). In immigration habeas cases, administrative exhaustion has been excused where there is evidence that the administrative outcome has been predetermined. Cox v. Monica, No. 1:07-CV-0534, 2007 WL 1804335, at *3 (M.D. Pa. June 20, 2007) (Conner, J.). Further, the futility exception is appropriate "when the decisionmakers in the administrative process will almost certainly reject petitioner's requested relief." Ndiaye v. Jamison, No. CV 25-6007, 2025 WL 3229307, at *4 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.) (citing Bradshaw v Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).

In September 2025, the Board of Immigration Appeals ("BIA") issued a decision indicating that a mandatory detention statute, 8 U.S.C. § 1225(b)(2)(A), applied to petitioners like Jaime Goicochea. Matter of Yajure Hurtado, 29 I. & N. Dec. 216, 220 (BIA 2025). The question at this juncture is whether the assigned immigration judge would continue to rely upon Hurtado or Section 1225(b)(2)(A) to deny the petitioner bond. As the BIA has previously indicated, however,

"published case law from a United States court of appeals must be followed within the same circuit, except in unusual circumstances[.]" Matter of K-S-, 20 I. & N. Dec. 715, 718 (BIA 1993) (citing Matter of Anselmo, 20 I. & N. Dec. 25, 31 (BIA 1989)). There appear to be no unusual circumstances in Antigua Reynoso's immigration case. He is similar to hundreds of petitioners who have sought habeas relief in this district over the past year.

Antigua Reynoso is detained within the jurisdiction of the Third Circuit Court of Appeals. In Buele Morocho, the court explicitly found the BIA's logic in Hurtado to be fundamentally flawed. 189 F.4th at 292, 294 & n.8. Thus, pursuant to BIA precedent, the immigration judge in this case would be bound by Buele Morocho, not Hurtado. The court also has no evidence that a bond hearing in this case would have a predetermined outcome. Such circumstances weigh against finding futility in the administrative process. Therefore, petitioner must go through the administrative process, and he appears to be willing to engage with that process.

As of the time of the filing of the traverse, October 13, 2026, there was no indication that Antigua Reynoso had been provided with a bond hearing. Given the circumstances, it is practical to grant the petition in part and order that a custody redetermination hearing be held within the next 21 days. This will ensure that the petitioner has a prompt hearing.

As for Antigua Reynoso's request for burden shifting at the hearing, he has not demonstrated a violation of his procedural due process rights. Therefore, the court will not shift the burden of proof onto the government for the hearing. See Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274, 279 (3d Cir. 2018) (explaining that the burden of proof remains on a noncitizen detained under § 1226(a)).

Furthermore, Antigua Reynoso is entitled to a bond hearing before a neutral and impartial IJ. There are "three pillars" of a fair hearing: "(1) the IJ engages in fact-finding based on the record made at a hearing and disclosed to the noncitizen; (2) the noncitizen has the opportunity to make arguments and present evidence on his/her own behalf; and (3) the IJ makes an individualized determination of the noncitizen's claims." B.C. v. Att'y Gen. U.S., 12 F.4th 306, 313 (3d Cir. 2021) (citing Chong v. Dist. Dir., I.N.S., 264 F.3d 378, 386 (3d Cir. 2001)). The government will also be directed to provide petitioner with an interpreter at the time of the bond hearing. See Marincas v. Lewis, 92 F.3d 195, 204 (3d Cir. 1996).

Should Antigua Reynoso experience a proceeding that he believes has not been fundamentally fair or has violated his Fifth Amendment right to due process of law, nothing in this order precludes him from seeking relief through a renewed Section 2241 petition.

On one final note, Antigua Reynoso filed his petition and traverse pro se. "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. To be pro se "means to appear for one's self, a person may not appear on another person's behalf in the other's cause." Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998).

There is considerable evidence that Antigua Reynoso's petition and traverse were prepared by Maria Lopez from Pro Immigrant Legal Services in Philadelphia or by an individual or individuals working on her behalf. (Doc. 1 at ECF pp. 8–10; Doc. 7 at ECF p. 12). Ms. Lopez or her staff filed this petition on behalf of "Emmanuel Antigua Reynoso" and repeatedly referred to him by that name. The petitioner's actual first name is Enmanuel, not Emmanuel, at least according to the government's records and how the petitioner signed his name to his documents. (Docs. 6-2 to 6-4; Doc. 7 at 11).

The filing of the traverse is of greater concern. It is a legal brief. It advocates for the application of case law to the petitioner's set of facts. It is an attempt to achieve a legal outcome before the court. There is no indication that Ms. Lopez is admitted to practice law in the Commonwealth of Pennsylvania or that she has an attorney on staff. If she is an attorney or has an attorney on

staff, the court expects that counsel be admitted to practice in this district court and sign all filings instead of perpetuating a brazen pro se charade.

The court shares the concerns of other federal courts regarding the above practices, which are blatant enough to warrant additional attention. See Duran v. Carris, 238 F.3d 1268, 1271–73 (10th Cir. 2001) (per curiam) (expressing concern about an attorney drafting pro se briefs without entering an appearance and signing their name because it affords the pro se litigant with liberal construction of his pleadings while inappropriately shielding the attorney from responsibility and accountability for his actions); Ellis v. Maine, 448 F.2d 1325, 1328 (1st Cir. 1971) (same); United States v. Eleven Vehicles, 966 F. Supp. 361, 367 (E.D. Pa. 1997) ("Clearly, the party's representation to the Court that he is pro se is not true when the pleadings are being prepared by the lawyer. A lawyer should not silently acquiesce to such representation.").

The court also cannot rule out the possibility that the petitioner's submissions were drafted by non-attorneys using generative artificial intelligence, which raises additional unauthorized practice of law concerns. See Amaya v. Dir., USCIS, No. 8:25CV138, 2025 WL 1295330, at *2 (D. Neb. May 5, 2025) (noting an apparent "factory operation for 'ghost-written' pleadings" in pro se immigration-related matters); Patel v. Dir., USCIS, No. 8:25CV59, 2025 WL 1655294, at *2 n.3 (D. Neb. June 11, 2025) (identifying source of filings as a

company formed to provide assistance to pro se litigants in immigration matters and expressing concern that non-attorney employees were preparing detailed responses to motions).[3]

However, a show cause order or other judicial inquest into these matters is not the proper course at this time. The lawyers and non-lawyers at the entity above and others operating in this space are placed on notice that future instances of the practices deployed in this matter will result in the court applying Rule 11 and, if warranted, measures beyond that.

Thus, for the reasons set forth above, it is hereby **ORDERED** as follows:

1) Enmanuel Antigua Reynoso's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **GRANTED** in part and **DENIED** in part;

2) The government shall ensure that Antigua Reynoso is provided with a prompt bond hearing/custody redetermination hearing with an interpreter and an impartial immigration judge within the next 21 days;

---

[3] The court is also cognizant of issues addressed by the appellate courts due to the practice of law by "notarios" or "immigration consultants," who have been accused of preying on the immigrant community. See Ortega-Marroquin v. Holder, 640 F.3d 814, 816 & n.1 (8th Cir. 2011); Morales Apolinar v. Mukasey, 514 F.3d 893, 897 & n.6 (9th Cir. 2008); Omar v. Mukasey, 517 F.3d 647, 649 (2d Cir. 2008) (per curiam); Mewengkang v. Gonzales, 486 F.3d 737, 740 (1st Cir. 2007); Barroso v. Gonzales, 429 F.3d 1195, 1196 (9th Cir. 2005); see also Nezowy v. United States, 723 F.2d 1120, 1122 (3d Cir. 1983) ("immigration consultant" charged criminally under 18 U.S.C. § 1422).

3) On or before **November 13, 2026**, the government shall file a declaration pursuant to 28 U.S.C. § 1746 indicating whether Antigua Reynoso received a bond hearing pursuant to this order;

4) The Clerk of Court is directed to enter judgment in accordance with this memorandum;

5) The Clerk of Court is directed to mail a copy of this memorandum order to Maria Lopez and Pro Immigrant Legal Services at the address listed on the envelope containing the traverse; and

6) The Clerk of Court is directed to close this case.

**Date:** 10/22/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**